DEPARTMENT OF TREASURY *v.* CITY OF TIPTON.

[No. 28,079. Filed May 14, 1945.]

*James A. Emmert,* Attorney General, and *John J. McShane* and *Winslow Van Horne,* Deputy Attorneys General, for appellant.

*Ross, McCord, Ice & Miller,* of Indianapolis, for appellee.

YOUNG, J.—This is a companion case to *Department of Treasury* v. *City of Linton; Department of Treasury* v. *City of Michigan City;* and *Department of Treasury* v. *City of Evansville,* all of which cases were decided contemporaneously with this case and are reported at pages 363, 432 and 435, respectively of this volume.

The City of Tipton owned a swimming pool located in one of its parks and in the operation of the pool it made charges for the use of the pool and also rented bathing suits and towels.

The state contended that receipts from these sources were taxable under the 1937 amendment to the Gross Income Tax Law cited in the Linton and Evansville cases. The city paid the taxes, filed a statement and petition for refund and upon denial brought this action.

The lower court held receipts from towel and bathing suit rentals to be taxable, but held that payments made by individuals to the city for use of the pool were not taxable.

By proper procedure the state has presented the ruling of the court on pool receipts. The city, however, did not challenge the ruling of the court upon bathing suits and towel rentals, and that is not before us.

The swimming pool was a part of the city park system and upon authority of *Department of Treasury* v. *City of Evansville, supra,* we hold receipts for use of the pool to be taxable.

In this case, as in its companion cases, appellee has argued the exercise of the police power and the taxing power and the power of eminent domain and exemption

from property tax as grounds for saying the activities involved are public and not private or proprietary within the 1937 amendment to the gross income tax law. We have discussed the city's position in these respects at length in *Department of Treasury* v. *City of Linton, supra,* and for the reasons stated are unconvinced by the same argument in this case.

Having found the city's receipts for use of the swimming pool to be taxable it follows that the court erred in ordering refund of the taxes paid on that account.

The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

Note.—Reported in 60 N. E. (2d) 957.